

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. O-5448-A
Re: Reconsideration of Opinion
No. O-5448, concerning the
payment of premiums on bonds
for certain county officials.

Attention: Mr. S. Benton Davies, Assistant:

     We are in receipt of your letter of March 29, 1944, requesting a reconsideration of our Opinion No. O-5448. Complying with your request, we have carefully reconsidered said opinion.

     Section (a) of Article 3899, Vernon's Annotated Civil Statutes, is applicable to counties where county officials are compensated on a fee basis. This provision of the statute has no application to counties whose county officials are compensated on an annual salary basis. The county officials of Bexar County are compensated on an annual salary basis under the provisions of the Officers' Salary Law and Section 61, Article 16 of the State Constitution. Therefore, Section (a) of Article 3899, has no application to Bexar County.

     It is stated in your letter:

     "* * * Bexar County, under the law, pays its officers from the Officers' Salary Fund. The County Auditor, however, as well as the County Treasurer of Bexar County, are paid from the general fund of the county. The county commissioners of this county being paid from the Road and Bridge Fund of the county. * * *"

Honorable John R. Shook, p. 2

Section (b) of Article 3899, Vernon's Annotated Civil Statutes, is applicable to Bexar County, and this provision of the statute expressly authorizes the county to pay the premiums on the official bonds of the County Treasurer, County Auditor, and the County Commissioners. This provision of the statute also provides:

"All such approved claims and accounts shall be paid from the Officers' Salary Fund unless otherwise provided herein."

It is not otherwise provided that such premiums shall be paid, but as heretofore stated, said premiums shall be paid from the Officers' Salary Fund. It is immaterial that the County Treasurer, County Auditor and County Commissioners are not paid from the Officers' Salary Fund. The statute authorizing the payment of the premiums on their official bonds expressly designates the fund from which said premiums must be paid, namely the Officers' Salary Fund.

After carefully reconsidering our former opinion in connection with the applicable statutes, we are constrained to adhere to our former ruling. Stated another way, the premiums on the official bonds of the County Treasurer, County Auditor and County Commissioners of Bexar County must be paid out of the Officers' Salary Fund.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. P. Watts
Assistant

WPW:ep

